Hillsborough
No. 91-029

THE STATE OF NEW HAMPSHIRE

v.

MICHAEL REZK

May 28, 1992

*John P. Arnold*, attorney general (*Ward E. Scott*, attorney, on the brief), by brief for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief for the defendant.

THAYER, J.   The defendant, Michael Rezk, was convicted of robbery, RSA 636:1, by a Hillsborough County jury and was sentenced by the Superior Court (*Groff*, J.) to three-and-a-half to seven years imprisonment. The defendant appeals the trial court's denial of his motion to suppress the victim's out-of-court identification of the defendant. For the reasons that follow, we affirm the trial court's ruling.

On October 15, 1989, Richard Cuvellier was working the 11:00 p.m. to 7:00 a.m. shift as the sole cashier at a Merit filling station in Manchester. Mr. Cuvellier occupied a fully enclosed booth at the center of the station. At approximately 1:10 a.m., a car pulled into the otherwise deserted station and over to the left of the booth. Mr. Cuvellier watched the driver get out of the car and approach the booth. The driver demanded that Mr. Cuvellier give him all of the money in the cash register, and threatened to shoot him if he did not comply. Mr. Cuvellier, after he observed what he thought was a gun in the robber's pocket, gave him the one, five and ten dollar bills. After an additional threat from the robber, Mr. Cuvellier gave him the twenty dollar bills. The robbery lasted approximately thirty seconds. The robber drove away slowly and at one point looked back at Mr. Cuvellier. Mr. Cuvellier wrote down the car's license plate number as the robber drove away and then phoned the police.

The next morning the police checked the license number and found that the plate was registered to the defendant. That same day, Detective King of the Manchester Police Department showed Mr. Cuvellier an array of six color photographs including a two-year-old photograph of the defendant obtained from the Nashua Police Department. Mr. Cuvellier was unable to make an identification.

Approximately one month later, Detective King showed Mr. Cuvellier an array of eight black and white photographs including a photograph of the defendant taken the day before at the Valley Street Jail where the defendant was being held on an unrelated armed robbery charge. Mr. Cuvellier readily identified the defendant's photograph.

Approximately seven months after the robbery, Mr. Cuvellier met with the assistant county attorney prosecuting the case who showed Mr. Cuvellier an array of six photocopied photographs including a photograph of the defendant. Mr. Cuvellier said that he was reluctant to make an identification because of the poor quality of the photocopies, but nevertheless, identified someone other than the defendant as the robber.

Mr. Cuvellier was not permitted to identify the defendant as the robber at trial because he had mistakenly walked into the courtroom during a pre-trial hearing and saw the defendant in custody. The State therefore relied upon the second out-of-court identification to prove that Rezk committed the robbery.

On appeal, the defendant argues that the second out-of-court identification procedure was impermissibly suggestive because only the defendant's photograph appeared in both the first and second arrays and because the defendant was the only person in the second array who was wearing a prison jumpsuit. Whether the defendant raises a due process claim under the fourteenth amendment of the United States Constitution or under part I, article 15 of the New Hampshire Constitution, the defendant carries the burden of proving that the out-of-court procedure was unnecessarily suggestive. *See State v. Allen*, 133 N.H. 306, 310, 577 A.2d 801, 803 (1990).

To determine whether the out-of-court identification procedure was unnecessarily suggestive we ask "whether the police have implicitly conveyed their opinion of the criminal's identity to the witness by means of the photographic display." *State v. Duff*, 129 N.H. 731, 736, 532 A.2d 1381, 1384 (1987). We will not overturn the trial court's finding on a motion to suppress unless it is contrary to the weight of the evidence. *State v. Fecteau*, 133 N.H. 860, 867, 587 A.2d 591, 594 (1991).

We have previously declined to assign constitutional error to an out-of-court identification merely because the defendant was the only subject to appear in two separate photographic arrays. *State v. Humphrey*, 129 N.H. 654, 656, 531 A.2d 329, 331 (1987); *State v. Per-*

*ron*, 122 N.H. 941, 948, 454 A.2d 422, 426 (1982). In this case, as in *Humphrey*, the defendant's appearance varied significantly from the first photographic array to the second. The first array included a two-year-old photograph of the defendant in which he had a mustache and long hair; whereas in the second photograph, he had no mustache and short hair. Because the defendant's appearance differed significantly in the two arrays, we are not persuaded that Mr. Cuvellier could have based his identification upon the fact that the defendant's photograph was in both arrays.

■   The defendant's argument that the photographic array was suggestive because the defendant was the only subject wearing a prison smock also fails. The photographs were all black and white and there were no numbers or other markings on the defendant's shirt that suggested he was wearing a prison smock. Mr. Cuvellier testified that he was not aware of the appearance of a jail jumpsuit and that when he viewed the photographs he was looking at the subjects' faces, not at their clothing.

For the above reasons we hold that the trial court's finding that the out-of-court photographic array was not unnecessarily suggestive is not contrary to the weight of the evidence. Because the defendant has not shown that the array was unnecessarily suggestive, we need not consider whether the identification was reliable. We uphold the trial court's denial of the defendant's motion to suppress the photographic identification.

*Affirmed.*

All concurred.