Hillsborough
No. 91-076

THE STATE OF NEW HAMPSHIRE

v.

CHARLES PHILBRICK

July 10, 1992

*John P. Arnold,* attorney general (*Diane M. Nicolosi,* assistant attorney general, on the brief), by brief for the State.

*James E. Duggan,* chief appellate defender, of Concord, by brief for the defendant.

### MEMORANDUM OPINION

HORTON, J.   The defendant, Charles Philbrick, was convicted after a jury trial in Superior Court (*Groff,* J.) of aggravated felonious sexual assault, RSA 632-A:2, XI. Challenging his conviction, the defendant argues that the trial court erred in admitting an out-of-court photographic identification by the minor victim's mother, contending that the procedure used was unnecessarily suggestive and violative of due process. Because we uphold the trial court's finding that the out-of-court identification was not unnecessarily suggestive, we affirm.

In July 1989, the victim's mother informed the Manchester Police Department that the defendant had sexually assaulted her eight-year-old daughter. To confirm the identity of the alleged perpetrator, the police compiled a photographic array containing a 1986 picture of the defendant and photographs of six other men. The defendant was wearing a neck brace and had his eyes closed in the photograph. Although the victim's mother knew the defendant from prior personal meetings, she stated after viewing the array that the defendant's photograph looked "most like" Philbrick, but that she could not be sure that it was his picture. The police then put together a second array, consisting of a photograph of the defendant taken three days prior to the array and pictures of five men different from those in the first array. When shown the second array, both the victim and her mother separately identified the defendant.

To sustain his claim, the defendant must first demonstrate that the identification procedures used were "unnecessarily suggestive and conducive to irreparable mistaken identification . . . ." *State v. Fecteau,* 133 N.H. 860, 867, 587 A.2d 591, 594 (1991) (quotation omitted). We will not overturn the trial court's finding on this issue unless it is contrary to the weight of the evidence. *Id.*

Review of the two photographs of the defendant sustains the trial court's finding that the first array photograph bears little

resemblance to the defendant. The defendant's photograph in the second array, however, represents an accurate likeness of him at the time of the assault. Significant variance between suspect photographs in successive arrays may support a finding of absence of suggestibility. *State v. Rezk*, 135 N.H. 599, 609 A.2d 391 (1992). We affirm the trial court's denial of the motion to suppress the identification based on the second photographic array.

*Affirmed.*

All concurred.